FRANKLIN W. SMITH, et al.,     )
                                   )
          Plaintiffs,    )
                                   )
          v.              )          1:10CV360
                                   )
DELL, INC.,               )
                                   )
          Defendant.    )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Dell Inc.'s Rule 12(b) Motion to Dismiss Plaintiffs' Amended Complaint (Docket Entry 13). (See Docket Entry dated Sept. 17, 2010; see also Docket Entries dated May 5, 2010 and May 7, 2010 (assigning case to undersigned Magistrate Judge and designating case as subject to handling pursuant to this Court's Amended Standing Order No. 30, respectively).)[1] For the reasons that follow, the instant Motion should be denied.

### BACKGROUND

According to the Amended Complaint (Docket Entry 11), Plaintiffs are "former Dell employees" (id. at 1) who "maintain[ed]

---

[1] Under said Standing Order, "[t]he magistrate judge to whom the case is assigned will rule or make recommendations upon all motions, both non-dispositive and dispositive." M.D.N.C. Amended Standing Order No. 30, ¶ 2; see also M.D.N.C. LR72.2 ("[C]ases may be assigned or referred to a Magistrate Judge . . . by the clerk in compliance with standing orders . . . .").

[Dell's] production equipment" at facilities in Winston-Salem, North Carolina, and Nashville, Tennessee (id. at 2).  The Amended Complaint further asserts that, in 2009, Dell told Plaintiffs "that their employment by Dell would terminate no later than April 30, 2009" (id.) and "that Dell had made 'arrangements' for Plaintiffs to become employed by EMCOR, a company totally independent of Dell, and that if accepted for employment by EMCOR, Plaintiffs would continue to maintain [Dell's] production equipment" (id. at 3).  Again according to the Amended Complaint, Dell's "severance or workforce reduction pay policy" provided that, "[f]or non-sales employees like [] Plaintiffs, . . . each employee 'will receive severance pay equal to 60 days of [the employee's] base salary plus one week of [the employee's] base salary per whole year of service (based on applicable shift differentials), calculated from [the employee's] service date to the scheduled notification date, with a one week minimum' but only 'if [the employee] sign[s] and do[es] not revoke a separation agreement and release.'"  (Id.)

Additionally, the Amended Complaint alleges that Dell "intentionally withheld the existence of this plan from Plaintiffs throughout their employment with Dell, [and therefore] Plaintiffs had no knowledge of their rights (or lack thereof) to severance pay at any time prior to learning that their employment was to be terminated."  (Id.)  When Plaintiffs asked about severance, "Dell told Plaintiffs that, under no circumstances, would they be given

2

severance pay." (Id.) According to the Amended Complaint, Dell justified this decision by stating that "EMCOR would reject the 'arrangement' if the production maintenance employees were offered severance pay." (Id. at 4.) Dell informed Plaintiffs that they could receive severance from Dell and not take positions with EMCOR or accept positions with EMCOR and not receive severance from Dell. (Id.)

Based on the foregoing allegations, the Amended Complaint asserts the following violations of the Employee Retirement Income Security Act ("ERISA"):

> a) ERISA's reporting and disclosure provisions, 29 U.S.C. §§ 1021-1031;
>
> b) ERISA's requirement for an appropriate claims procedure, including adequate written notice giving the specific reasons for the denial, 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(b)(1);
>
> c) [Dell's] payment to other similarly situated non-sales employees, but not to Plaintiffs is an abuse of discretion in violation of ERISA.

(Id. at 5.)

Dell filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim, respectively. (Docket Entry 13.) Plaintiffs responded (Docket Entry 21) and Dell replied (Docket Entry 22).

DISCUSSION

*Subject Matter Jurisdiction*

Dell's instant Motion contends that "Plaintiffs lack standing to assert the claims raised in the Amended Complaint . . . [and therefore that] Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction." (Docket Entry 14 at 5.) Because subject matter jurisdiction constitutes a threshold question, see Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), the Court should address that issue first.

Under ERISA, only a "participant or beneficiary" may bring an action for benefits pursuant to a plan subject to ERISA. 29 U.S.C. § 1132(a)(1). A "participant" includes

> any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). "Whether an employee [or former employee] has standing as a 'participant' depends, not on whether he is actually entitled to benefits, but on whether he has a colorable claim that he will prevail in a suit for benefits." Davis v. Featherstone, 97 F.3d 734, 737 (4th Cir. 1996) (internal quotation marks omitted). "'[T]he requirement of a colorable claim is not a stringent one.'" Id. (quoting Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 790 (7th Cir. 1996)). "A claim is colorable if it is 'arguable and nonfrivolous, whether or not it would succeed on the merits.'"

4

<u>Moon v. BWX Tech., Inc.</u>, No. 11-1750, 2012 WL 5992209, at *4 (4th

Cir. Dec. 3, 2012) (unpublished) (quoting <u>Davis</u>, 97 F.3d at 737-

38).

Dell argues that "Plaintiffs' allegation that Dell decided not

to pay them severance because Dell was transferring them from their

maintenance jobs with Dell to maintenance jobs with EMCOR (where

they continued to serve Dell's equipment) is fatal under

controlling Fourth Circuit authority." (Docket Entry 14 at 5

(citing <u>Fuller v. FMC Corp.</u>, 4 F.3d 255 (4th Cir. 1993), <u>Sejman v.

Warner-Lambert Co., Inc.</u>, 889 F.2d 1346 (4th Cir. 1989), and

<u>Holland v. Burlington Indus., Inc.</u>, 772 F.2d 1140, 1149 (4th Cir.

1985)).)[2] Each of these cases share the following features:

---

[2] In <u>Holland</u>, the Fourth Circuit applied an "arbitrary and
capricious" standard for "reviewing determinations of claim
eligibility under ERISA." <u>Holland</u>, 772 F.2d at 1148. The United
States Supreme Court subsequently "held that determinations of the
appropriate standard of review for actions in which plan
beneficiaries challenge benefit denials should be governed by the
various common law rules delimiting the discretionary authority of
fiduciaries." <u>de Nobel v. Vitro Corp.</u>, 885 F.2d 1180, 1185 (4th
Cir. 1989) (citing <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S.
101, 110-11 (1989)). In light of that ruling,

> [t]he threshold question for reviewing courts is now
> whether the particular plan at issue vests in its
> administrators discretion either to settle disputed
> eligibility questions or to construe "doubtful"
> provisions of the plan itself. If the plan's fiduciaries
> are indeed entitled to exercise discretion of that sort,
> reviewing courts may disturb the challenged denial of
> benefits only upon a showing of procedural or substantive
> abuse. If not, the benefits determination at issue must
> be reviewed *de novo*.

<u>Id.</u> at 1186.

5

1) they came before the Forth Circuit on appeals from summary judgment rulings on ERISA claims, <u>Fuller</u>, 4 F.3d at 257; <u>Sejman</u>, 889 F.2d at 1348; <u>Holland</u>, 772 F.2d at 1143;

2) the defendant-employers in each case had sold the division or facility in which the plaintiff-employees worked and, although the employees were technically terminated by the employer and rehired by the buyer, they experienced no interruption in their employment, <u>Fuller</u>, 4 F.3d at 256; <u>Sejman</u>, 889 F.2d at 1347; <u>Holland</u>, 772 F.2d at 1143; and

3) the Fourth Circuit determined, <u>based on the language of the respective employers' severance plans</u>, that the employees were not terminated as that term was defined by the plans and therefore were not eligible for benefits, <u>Fuller</u>, 4 F.3d at 259; <u>Sejman</u>, 889 F.2d at 1349-50; <u>Holland</u>, 772 F.2d at 1149.

These cases do not establish that Plaintiffs lack a colorable claim for relief in the instant case, particularly given that "[a] claim is colorable if it is arguable and nonfrivolous, <u>whether or not it would succeed on the merits</u>." <u>Moon</u>, 2012 WL 5992209, at *4 (emphasis added) (internal quotation marks omitted). Most importantly, the Fourth Circuit decided each of the cases cited by Defendant based on the interpretation of the particular severance policy at issue; it did not establish a bright-line rule prohibiting plaintiffs whose employers outsourced their positions from recovering under any possible severance plan. The record in

6

the instant case does not include a copy of Dell's severance policy beyond the portion briefly quoted in the Amended Complaint (<u>see</u> Docket Entry 11 at 3) and therefore the Court cannot determine whether Plaintiffs would qualify for benefits pursuant to said plan under the circumstances of this case. Furthermore, the cited Fourth Circuit cases involve instances where the employer sold the facility or division in which the plaintiffs worked to another company and the plaintiffs continued their work uninterrupted, <u>see</u> <u>Fuller</u>, 4 F.3d at 256; <u>Holland</u>, 772 F.2d at 1143; <u>Sejman</u>, 889 F.2d at 1349-50, whereas in the instant case the Amended Complaint contains no such allegations (<u>see</u> Docket Entry 11 at 1-5).

In sum, on the present record, Plaintiffs' Amended Complaint asserts a "colorable" claim for benefits. It alleges that Dell withheld the existence of the severance plan from Plaintiffs during their employment (Docket Entry 11 at 3), that, upon Plaintiffs' termination, Dell denied Plaintiffs severance benefits when other similarly situated employees received them (<u>id.</u> at 2-3), and that Dell "established no procedural mechanism for Plaintiffs, or any other Dell employee, to appeal the denial of severance pay" (<u>id.</u>). All of these allegations appear "clearly rooted in existing ERISA law," <u>Panaras</u>, 74 F.3d at 790, as well as "arguable and nonfrivolous," <u>Moon</u>, 2012 WL 5992209, at *4. Plaintiffs thus have standing to pursue this action under ERISA and the Court should deny Dell's instant Motion pursuant to Rule 12(b)(1).

7

*Failure to State a Claim*

Under Federal Rule of Civil Procedure 12(b)(6), a complaint falls short if it does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009).

Dell argues that: (1) "violations of ERISA's procedural requirements do not give rise to a cause of action under [ERISA's civil enforcement provision]" (Docket Entry 14 at 6); and (2) "Plaintiffs' allegation that Dell violated 29 U.S.C. § 1133 by not maintaining a claims procedure likewise fails to state a claim to relief that is plausible on its face, because 29 U.S.C. § 1133 does not create any substantive rights or provide any substantive

8

remedies" (id.).  Both of these contentions, however, assume that
Plaintiffs have no entitlement to benefits under Dell's severance
plan, an issue that remains unresolved at this stage.

Dell cites Gagliano v. Reliance Standard Life Ins. Co., 547
F.3d 230 (4th Cir. 2008) in support of its instant argument for
dismissal.  (See Docket Entry 14 at 6.)  In Gagliano, the Fourth
Circuit stated that a procedural ERISA violation "could not create
a substantive remedy for a claim that was otherwise not cognizable
under the terms of the ERISA plan."  Id. at 240 (emphasis added);
see also Sedlack v. Braswell Serv. Grp., Inc., 134 F.3d 219, 225
(4th Cir. 1998) (approving district court's determination that,
where "[the employee's] claim is not covered, [the employer's]
breach of [ERISA's procedural requirements] would not entitle him
to benefits or to an award of damages").  In Gagliano, the plan
provider determined that the plaintiff beneficiary was not eligible
for benefits, but then gave defective notice of its decision.
Gagliano, 547 F.3d at 235-37.  According to the Fourth Circuit,
that defective notice could not provide the basis for a substantive
remedy where the provider had legitimately deemed the beneficiary
ineligible.  Id. at 239-40.  The court in Gagliano did not review
whether the provider's denial of benefits constituted an abuse of
discretion.  See id. at 234-35.

In contrast, Plaintiffs in the instant case argue that
"[Dell's] payment to other similarly situated non-sales employees,

9

but not to Plaintiffs is an abuse of discretion in violation of ERISA." (Docket Entry 11 at 5.) They seek to "have and recover of [Dell] the severance pay to which they are entitled." (<u>Id.</u>) Under a fair reading of the Amended Complaint, Plaintiffs do not seek to recover damages only for the alleged procedural violations. (<u>See id.</u>) Plaintiffs thus have stated a claim upon which relief could be granted and the Court should deny Dell's instant Motion under Rule 12(b)(6).

CONCLUSION

Plaintiffs have a colorable claim for benefits under ERISA and thus have standing to pursue this action. Furthermore, the Amended Complaint alleges sufficient factual matter to state a plausible claim for relief.

**IT IS THEREFORE RECOMMENDED** that Dell's Rule 12(b) Motion to Dismiss Plaintiffs' Amended Complaint (Docket Entry 13) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 25, 2013